IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NATHANIEL J. PELFREY, *pro se*, )
                                    )
    Plaintiff, )
                                    )
v. ) Civil Action No. 14-00061-CB-N
                                    )
OTIS ELEVATOR COMPANY, )
                                    )
    Defendant. )

## REPORT AND RECOMMENDATION

This matter is before the undersigned United States Magistrate Judge *sua sponte* for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). As explained below, it is **RECOMMENDED** that Plaintiff Nathaniel J. Pelfrey's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b), Federal Rules of Civil Procedure.

### I. Findings of Fact

This matter was removed to this Court on February 14, 2014. (*See* Doc. 1.) Because it did not appear the state court had jurisdiction to grant Plaintiff's then-counsel's motion to withdraw, because that order was entered post-removal,[1] this matter came before the undersigned for a status conference on February 27, 2014. (*See* Doc. 5.) An attorney for Plaintiff, Desmond V. Tobias, Esq., and

---

[1] *Cf. Wasserman v. Long*, Nos. 3:07-cv-1091-WKW; 3:07-cv-1092-WKW, 2008 WL 696896, at *3 (M.D. Ala. Mar. 13, 2008) ("the state court was without jurisdiction to proceed when[, subsequent to effective removal,] it entered default judgments in both cases").

counsel for the sole remaining defendant, Otis Elevator Corporation, participated. (*See generally* Doc. 10.) The Court granted Attorneys Tobias and Jason S. McCormick's motion to withdraw (Doc. 6), after finding—based on the representations of Mr. Tobias—Plaintiff had been notified by counsel that they intended to withdraw and, after their withdrawal, that he would be proceeding *pro se* in this Court, and cautioned Plaintiff

> **that the progress of this case will not be delayed because he is without counsel, and the Court will not be inclined to grant extensions because he is without counsel. The plaintiff is expected to comply with all deadlines, and is informed that any failure to comply with deadlines or respond to motions will result in a recommendation that this action be dismissed for failure to prosecute and obey orders of the Court.**

(Doc. 10 at 2 (emphasis in original).)[2]

A preliminary scheduling order (Doc. 11) was entered February 28, 2014, and, pursuant to that order, Plaintiff and counsel for Otis were to meet and confer and file, no later than April 14, 2014, a Rule 26(f) report of parties' planning meeting. On that day, however, Plaintiff and counsel for Otis, on a conference call, contacted the undersigned's staff and requested an extension of the deadline to allow Plaintiff additional time to retain counsel. (*See generally* Doc. 13.) The Rule 26(f) deadline was accordingly extended to May 5, 2014, and Plaintiff was cautioned

> **that the progress of this case will not be delayed because he is**

---

[2] This order, the preliminary scheduling order (Doc. 11), and a copy of the Court's *pro se* litigant guide were sent to Plaintiff by regular and certified mail. (*See id.*) The documents were delivered to the Plaintiff's address on March 1, 2014. (*See* Doc. 12, return of service.)

**without counsel, and the Court will not be inclined to grant *further* extensions because he is without counsel. The plaintiff is expected to comply with all deadlines, and is informed that any failure to comply with deadlines or respond to motions will result in a recommendation that this action be dismissed for failure to prosecute and obey orders of the Court.**

(Doc. 13 at 2 (emphasis in original).)[3]

On May 5, 2014, however, the Court received a report of parties' planning meeting solely from Otis (Doc 15), in which Otis informed the Court it tried, unsuccessfully, "on numerous occasions" to contact Plaintiff, through emails, through certified mail, and by telephone, to schedule their planning meeting. The undersigned, instead of entering a Rule 16(b) scheduling order, entered an order setting this matter for a show cause hearing on May 21, 2014. (*See generally* Doc. 16.) Therein, Plaintiff was ordered to appear in person and placed on notice that his **failure to appear in person for this hearing will result in a recommendation that this action be dismissed for failure to prosecute and obey orders of the Court.**" (*Id.* at 2 (emphasis in original).)[4] Plaintiff failed to appear.

## II. Conclusions of Law

Courts no doubt possesses the power to dismiss an action "for failure to prosecute with reasonable diligence or to comply with [the Court's] orders or rules of

---

[3] This order was also sent by regular and certified mail to Plaintiff's address (*see id.*), and was personally received by Plaintiff (*see* Doc. 14 (showing the signature of recipient to be Nathaniel Pelfrey)).

[4] This order was also sent by regular and certified mail to Plaintiff's address (*see id.*).

3

procedure," *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Gratton v. Great Am. Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (observing that Rule 41(b), Fed. R. Civ. P., expressly "authorizes a district court to dismiss a complaint for . . . failure to comply with a court order"), but the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986). Such conduct includes "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003) (failure to respond to a motion renders a party susceptible to involuntary dismissal for failure to prosecute).

From the factual record set out above, it is clear that Plaintiff has repeatedly defied orders of this Court and ignored its recurrent warnings. *Chamorro*, 304 F.3d at 4-5. Plaintiff has been cautioned three times that his failure to prosecute this case and obey orders of this Court will result in the dismissal of his lawsuit. By

4

ignoring those warnings, his inaction has made it clear that allowing this case to sit on this Court's docket is a wasteful expenditure of the defendant's and this Court's time and resources.

## III. Conclusion

Therefore, after consideration of lesser sanctions, which the undersigned believes will not suffice given the record in this case, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's case **WITHOUT PREJUDICE**, pursuant to Rule 41(b), for failure to prosecute and for failure to abide by the orders of this Court. The fourteen-day window for the filing of objections, see below, provides Plaintiff ample time to bring to the attention of the District Judge any excuse(s) for his failure to prosecute this matter and obey orders of this Court.

## IV. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

The Clerk is **DIRECTED** to send a copy of this order to Plaintiff by regular and certified mail, return receipt requested, at 6721 Mighty Oaks Drive, Gulf Shores, Alabama 36542.

**DONE** and **ORDERED** this the 22nd day of May, 2014.

　　　　　　　　　　　　　　　　 /s/ *Katherine P. Nelson*
　　　　　　　　　　　　　　　　**KATHERINE P. NELSON**
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**